**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1472
_____

KRYSTAL THERESA DAVIS,
                                        Appellant

v.

DANIEL B. RUBIN; SHANNON LEIGH MCGROARTY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-06271)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2022

Before:  GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 2, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Krystal Davis sued her former landlords (the defendants) in federal court alleging that she was evicted from a Section 8 housing unit after complaining about mistreatment by her neighbors and the defendants. The District Court permitted Davis to file an amended complaint, which raised claims of retaliation and disability-based discrimination in violation of the federal Fair Housing Act (FHA). See 42 U.S.C. §§ 3604(f)(2)(A) and 3617. Attached to Davis's amended complaint were excerpts of letters, text-message threads, and other documentary evidence.

The defendants responded by filing a motion to dismiss Davis's amended complaint under Federal Rule of Civil Procedure 12(b)(6). The defendants supplied with their motion complete copies of the documents that were referenced in or attached (in partial form) to Davis's amended complaint.

The District Court entered an order granting the defendants' motion. Generally speaking, the District Court reasoned that Davis failed to plausibly connect any actions by the defendants to either Davis's disability or her reporting of discrimination to a government agency.

Davis appealed. Her notice of appeal is timely because the District Court's order of dismissal does not comply with the separate-document rule. See Fed. R. Civ. P. 58(a); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). We thus have jurisdiction under 28 U.S.C. § 1291.

We review de novo an order granting a Rule 12(b)(6) motion. United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 168 (3d Cir. 2019). In conducting that review,

2

"[o]ur job is to gauge whether the complaint states a plausible claim to relief," id., after accepting as true all well-pleaded factual allegations, Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

We have carefully considered Davis's arguments on appeal (Doc. 5) in light of the documents that may be permissibly examined. Cf. Simko v. United States Steel Corp., 992 F.3d 198, 201 n.1 (3d Cir. 2021) ("In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we 'must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'") (citation omitted). Ultimately, we discern no reversible error by the District Court.[1]

Davis's amended complaint—liberally construed and contextualized by exhibits, the authenticity of which is not in dispute—alleges that she reported to the defendants and local law enforcement her conflicts with, and mistreatment by, various persons (e.g., neighbors, a postal worker, a Verizon repairperson, the defendants themselves, an assailant at a mall several miles from the subject housing unit). It alleges further that, around that same time period, the defendants relayed to Davis inconsistent information about how she could tender her months-belated security deposit. Compare DC ECF No. 10-1 at 9 (April 8, 2019 text-message thread describing an agreement between Davis and

---

[1] Insofar as the District Court, in assessing the plausibility of Davis's amended complaint, may have considered the counter-presentation of facts in the defendants' motion to dismiss, see DC ECF No. 15 at 6, the District Court should not have done so. Any such error does not require reversal because there are independent, record-based grounds on which to affirm in this case. See TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019).

the defendants that the $1,000 security deposit would be paid in four installments, and that "July will be the latest that it can all be paid") with DC ECF No. 10-1 at 17 (June 27, 2019 letter from the defendants to Davis stating that "our text messages in March, 2019 had payment of the structured security deposit to be completed by May, 2019," and making a "final request" that "the remainder of the security deposit must be paid on or before July 1, 2019"); and compare DC ECF No. 10-1 at 21 (July 23, 2019 letter from the defendants expressing that they would "not serve a Notice to Quit if the security deposit balance is paid in full by July 28, 2019") with DC ECF No. 10-1 at 4 (defendants' Notice to Quit dated "July 25, 2019"). The amended complaint also alleges that the defendants filed a complaint for eviction in early August 2019, and that later in the month Davis filed a discrimination/retaliation complaint with the United States Department of Housing and Urban Development (HUD).

None of the above, however, reveals a plausible disability-based discrimination claim under the FHA. Cf. Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly, 658 F.3d 375, 381 (3d Cir. 2011) ("The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class."). Notably, Davis's allegation that the defendants "mocked" her disability in a June 26, 2019 letter is flatly contradicted by the letter, which Davis attached to her amended complaint as an exhibit. See Vorchheimer v. Philadelphian Owners Ass'n, 903 F.3d 100, 112 (3d Cir. 2018) (explaining that if a plaintiff's "own exhibits contradict her allegations in the complaint, the exhibits control").

4

Davis also failed to adequately plead an FHA retaliation claim. In particular, while Davis's filing of a complaint with HUD may have been protected activity, <u>see</u> 24 C.F.R. § 100.400(c)(6), her amended complaint lacked plausible allegations of a "causal connection" between that activity and the almost-exclusively earlier-in-time adverse actions she cited. <u>Revock v. Cowpet Bay W. Condo. Ass'n</u>, 853 F.3d 96, 112-13 (3d Cir. 2017). Any adverse actions post-dating Davis's HUD complaint, moreover, bear no plausible relationship to that complaint.

Therefore, for the reasons given in this opinion, we will affirm the judgment of the District Court.